# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-23625-BLOOM/Louis

MANUEL OLIVA,

      Plaintiff,

v.

GEOVERA SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____/

### ORDER

      **THIS CAUSE** is before the Court on a *sua sponte* review of the record. Plaintiff originally filed this action on July 19, 2019, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. ECF No. [1] at 1. On August 28, 2019, Defendants filed a Notice of Removal ("Notice"). *Id.* The Court has carefully reviewed the Notice, the underlying Complaint, the record and applicable law, and is otherwise fully advised.

      Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, a lawsuit must satisfy the jurisdictional prerequisites of either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction exists when the parties are citizens of different states and the amount in controversy exceeds $75,000.00. *Id.* § 1332(a).

      "A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). "Where, as here, the plaintiff

has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also* 28 U.S.C. § 1332(a). Further, in determining whether subject matter jurisdiction exists, the Court must focus on the amount in controversy *at the time of removal*, not at any later point. *Pretka*, 608 F.3d at 751 (citations omitted); *see also Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983) ("Removability should be determined 'according to the plaintiff's pleading at the time of the petition for removal.'" (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939))).

"The general rule is that attorneys' fees do not count toward the amount in controversy unless they are allowed for by statute or contract." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003) (citing *Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981)); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."); *see also Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933). However, "when the amount in controversy substantially depends on a claim for attorney fees, that claim should receive heightened scrutiny." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1080 n.10 (11th Cir. 2000).

Furthermore, "a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (citing *United States v. Mine Workers*, 330 U.S. 258, 291 (1947)). Accordingly, "[t]he district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time." *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)); *see also Lexington-Fayette Urban Cty. Gov't Civil Serv. Comm'n v. Overstreet,* 115 F. App'x 813, 816-17 (6th Cir. 2004) ("A federal

court may remand a case *sua sponte* where the allegations of the complaint which gave rise to the federal jurisdictional basis are insufficient to confer subject matter jurisdiction on the court." (citation omitted)). As such, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

The Notice in the instant action states that subject-matter jurisdiction exists pursuant to 28 U.S.C. § 1332 on the basis of the parties' diversity of citizenship. ECF No. [1] at 2. Defendant is incorporated in Delaware, with its principal place of business in California. *Id.* Plaintiff is allegedly a citizen of Florida. *Id.* Thus, the parties are diverse.

Defendant contends that the amount in controversy in this case is $65,454.07. *Id.* at 3. Moreover, Plaintiff seeks to recover attorney's fees under Florida Statutes § 626.9373, should he prevail, which Defendant notes "could easily result in a claim of attorney's fees exceeding $9,545.93." *Id.* (citing *Morrison*, 228 F.3d at 1265). Therefore, Defendant argues that this Court has subject-matter jurisdiction because the amount in controversy in this action exceeds $75,000.00. *Id.* at 4.

However, upon review of Plaintiff's Complaint and Defendant's Notice, the Court concludes that remand back to the state court is appropriate because Defendant has failed to establish the requisite jurisdictional amount in controversy. Although the Court of Appeals for the Eleventh Circuit has explained that, "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy," *Morrison*, 228 F.3d at 1265, it has not yet clarified whether the amount of attorney's fees included in the amount in controversy is the amount accrued at the time of removal or the prospective amount of attorney's fees required to litigate the entire case. In fact, this issue of including statutory attorney's fees in

the amount in controversy has caused a split in district courts within the Eleventh Circuit. *See Bender v. GEICO Gen. Ins. Co.*, No. 8:17-cv-872-T-33TBM, 2017 WL 1372166, at \*1 (M.D. Fla. Apr. 17, 2017) (discussing the divide among courts in this circuit "over whether to include the projected amount of attorney's fees or only attorney's fees as of the time of removal" (citations omitted)); *Brown v. Am. Exp. Co., Inc.*, No. 09-61758-CIV, 2010 WL 527756, at \*7 (S.D. Fla. Feb. 10, 2010) (discussing the "[c]onflicting case law [that] exists as to whether the amount of attorney's fees for the amount-in-controversy analysis should be calculated as of the date of removal or through the end of the case" (citations omitted)).

Despite this split, many district courts across the State of Florida have calculated these statutorily authorized attorney's fees as those accrued at the time of removal, especially in determining whether jurisdiction exists.[1] This conclusion is consistent with the Eleventh Circuit precedent establishing that "[j]urisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal.* . . . That plaintiff *might* ask for or recover more after removal is not sufficient to support jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 n.13 (11th Cir. 1994) (emphasis in original) (citations omitted). In addition, calculating attorney's fees as of the time of removal comports with "the general rule that post-removal events, such as the subsequent generation of attorney fees, cannot create jurisdiction that was lacking at the outset." *Lott & Friedland, P.A.*, 2010 WL 2044889, at \*4 (citing *Rogatinsky*, 2009 WL 3667073, at \*3 ("post-removal events . . . will not retroactively establish subject-matter jurisdiction")); *Waltemyer*, 2007 WL 419663, at \*2 ("While attorney fees through the conclusion of the litigation are included when

---

[1] *See Frisher v. Lincoln Benefit Life Co.*, No. 13-20268-CIV, 2013 WL 12092525, at \*2 (S.D. Fla. Aug. 19, 2013); *Gold v. Traveler Indemnity Co.*, No. 12-80036-CIV, 2012 WL 13019199, at \*2 (S.D. Fla. Mar. 29, 2012); *Lott & Friedland, P.A. v. Creative Compounds, LLC*, No. 10-20052-CV, 2010 WL 2044889, at \*4 (S.D. Fla. Apr. 21, 2010); *Rogatinsky v. Metropolitan Life Ins. Co.*, No. 09-80740-CIV, 2009 WL 3667073, at \*3 (S.D. Fla. Oct. 26, 2009); *Waltemyer v. Nw. Mut. Life Ins. Co.*, No. 2:06-cv-597-FtM-29DNF, 2007 WL 419663, at \*2 (M.D. Fla. Feb. 2, 2007).

the action is filed initially in federal court, there is no reason to deviate from the general rule that in a removed case the amount in controversy is determined as of the time of removal and the court cannot rely on post-removal events in examining its subject matter jurisdiction." (citing *Morrison*, 228 F.3d at 1265; *Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290-91 (11th Cir. 2000))).

Therefore, the Court concludes that the amount in controversy does not include highly speculative, prospective amounts of attorney's fees, but rather includes only those fees accrued as of the time of removal. *Gold*, 2012 WL 13019199, at *2 ("The Seventh Circuit in *Gardynski-Leschuck v. Ford Motor Company*, considered this issue and ruled that the amount in controversy calculation should not include 'the value of legal services that have not been and may never be incurred' because the amount of legal fees are not 'in controversy' until they are accrued." (quoting *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998))). Here, Defendant presents no evidence to establish that Plaintiff has accrued $9,545.93 in attorney's fees as of the time of this removal. As such, Defendant has failed to satisfy its burden of establishing that the amount in controversy in this case exceeds $75,000.00. *Coffey*, 994 F. Supp. 2d at 1283 ("A removing defendant bears the burden of proving proper federal jurisdiction."). Therefore, the Court concludes that it does not have subject-matter jurisdiction over the instant action.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that this case is **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, September 3, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record